**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Anaguano, on behalf of himself and all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>Sanmiguel Sweepers, Inc.,<br><br>    Defendants. | CV 11-1294-PHX-JAT<br><br>**ORDER** |

The parties in this Fair Labor Standards Act ("FLSA") case filed a Notice of Settlement on November 16, 2011. (Doc. 14.) On December 12, 2011, they filed a Motion to File Settlement Agreement Under Seal (Doc. 16) and a Stipulation to Settle Case and for Dismissal with Prejudice (Doc. 17).

The Court notes that the parties did not follow the correct procedure when they filed the Motion to Seal. The parties should have lodged a sealed copy of the Settlement Agreement when they filed the Motion to Seal. The public cannot read a document that is lodged under seal on CMECF.

The parties' only stated justification for sealing the proposed Settlement Agreement is Defendants' desire to preserve the confidentiality of the terms of the settlement. The Ninth Circuit Court of Appeals strongly disfavors filing under seal, and requires the parties to show good cause to seal a non-dispositive filing, and compelling reasons to seal dispositive motions and related materials. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179–80 (9th Cir. 2006). Unlike private materials unearthed during discovery, judicial

records are public documents almost by definition, and the public is entitled to access by default. *Id.* at 1180 (citing *Nixon w. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)).

Because this is a FLSA case, the Court must approve the settlement reached by the parties. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see also Thornton v. Solutionone Cleaning Concepts, Inc.*, 2007 WL 210586 *3 (E.D. Cal. Jan. 26, 2007). The parties' Stipulation to Settle Case and for Dismissal with Prejudice (Doc. 17), which requests that the Court enter an order approving the Settlement Agreement, is akin to a dispositive filing, and, therefore, subject to the compelling reasons showing. *See e.g.*, *White v. Sabatino*, Nos. 04-0500 ACK/LEK & 05-0025 ACK/LEK, 2007 WL 2750604, at *2 (D. Haw. Sept. 17, 2007) (discussing the dispositive/non-dispositive distinction in connection with settlement agreements).

As the United State Supreme Court noted in *Nixon v. Warner Communications*, the right to inspect judicial records is not absolute and certain exceptions are recognized. A court has the power to insure that its records are not used to gratify private spite or promote public scandal, to serve as reservoirs of libelous statements, or as sources of business information, such as trade secrets. *Nixon*, 435 U.S. at 598.

The parties' Motion to Seal does not address the compelling reasons standard for sealing documents. This deficiency is significant, "because there is a strong presumption in favor of keeping the settlement agreements in FLSA wage-settlement cases unsealed and available for public view." *Taylor v. AFS Tech., Inc.*, No. CV-09-2567-PHX-DGC, 2010 WL 2079750, at *2 (D. Ariz. May 24, 2010) (quoting *Prater v. Commerce Equities Mgmt. Co.*, No. H-07-2349, 2008 WL 5140045, at *9 (S.D. Tex. Dec. 8, 2008)).

The parties do not cite any authority for filing the Settlement Agreement under seal. The Court finds that the parties have not met their "compelling reasons" burden under *Kamakana*. The Court therefore will deny the Motion to File Settlement Agreement Under Seal (Doc. 16). Because the Court has not seen the Settlement Agreement, the Court cannot assess the fairness of the Settlement Agreement and cannot rule on the Stipulation at this time.

Accordingly,

**IT IS ORDERED** DENYING the parties' Motion to File Settlement Agreement Under Seal (Doc. 16).

DATED this 16th day of December, 2011.

James A. Teilborg
United States District Judge