1  **WO**

2

3

4

5

6            **IN THE UNITED STATES DISTRICT COURT**

7              **FOR THE DISTRICT OF ARIZONA**

8  David Anaguano, on behalf of himself and )    CV 11-1294-PHX-JAT
   all others similarly situated,          )
9                                           )
          Plaintiff,                        )
10                                          )    **ORDER**
      v.                                    )
11                                          )
12 Sanmiguel Sweepers, Inc.; et al.,        )
                                            )
13         Defendants.                      )
   _____ )

14

15        The parties in this Fair Labor Standards Act ("FLSA") case filed a Notice of

16 Settlement on November 16, 2011. (Doc. 14.) On December 12, 2011, they filed a Motion

17 to File Settlement Agreement Under Seal (Doc. 16) and a Stipulation to Settle Case and for

18 Dismissal with Prejudice (Doc. 17).

19        The Court denied the Motion to File Settlement Agreement Under Seal on December

20 16, 2011 (Doc. 18), and noted that it could not approve the proposed Settlement Agreement

21 without first reviewing it. The parties filed their Settlement Agreement on January 10, 2012

22 (Doc. 20).

23        Because this is a FLSA case, the Court must approve the settlement reached by the

24 parties. *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982); *see*

25 *also Thornton v. Solutionone Cleaning Concepts, Inc.*, 2007 WL 210586 *3 (E.D. Cal. Jan.

26 26, 2007). The Court may approve the settlement if it reflects a "reasonable compromise

27 over issues." *Lynn's*, 679 F.2d at 1354.

28

The Court has reviewed the proposed Settlement Agreement and finds it reflects a knowing, voluntary, fair, and reasonable resolution of the issues. The Court therefore will approve the Settlement Agreement.

Accordingly,

**IT IS ORDERED Granting** the parties' Stipulation to Settle Case and for Dismissal with Prejudice (Doc. 17).

**IT IS FURTHER ORDERED** that the Settlement Agreement is approved in all respects.

**IT IS FURTHER ORDERED** that once Plaintiff files a Notice of Receipt of Funds under Section II.A of the Settlement Agreement, the Clerk shall dismiss this case with prejudice, each party to bear its own costs and attorneys' fees except as otherwise outlined in the Settlement Agreement.

DATED this 12th day of January, 2012.

James A. Teilborg
United States District Judge